IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02519-CMA-STV

SHERRI SIMPSON and
CHRIS SIMPSON,

    Plaintiffs,

v.

P.F. CHANG'S CHINA BISTRO, INC.,
SAFETY NATIONAL CASUALTY CORPORATION, and
GALLAGHER BASSETT SERVICES, INC.,

    Defendant.

---

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

---

This matter is before the Court on Plaintiffs' Motion to Remand (Doc. # 39), wherein Plaintiffs Sherry Simpson and Chris Simpson move this Court to remand this action on the basis that Defendants waived their right to remove this action by filing motions to dismiss in state court. Defendants filed a response in opposition to the Motion. For the following reasons, the Motion is denied.

### I.    BACKGROUND

This action arises from Plaintiff Sherri Simpson's claim for bad faith in the handling of her workers' compensation claim and Plaintiff Chris Simpson's claim for loss of consortium as a result of the bad-faith handling of his wife's claim. Plaintiffs initially filed their Complaint and Jury Demand in Boulder County District Court. Therein,

Plaintiffs assert the following four claims against all Defendants: (1) breach of the duty of good faith and fair dealing; (2) aiding and abetting; (3) civil conspiracy; and (4) loss of consortium. *See generally* (Doc. # 7).

Defendants Gallagher Bassett Services, Inc. ("Gallagher"), P.F. Chang's China Bistro, Inc., and Safety National Casualty Corporation (together, "Defendants") were served with process on July 30, 2020. On August 20, 2020, Defendants filed motions to dismiss for failure to state a claim in Boulder County District Court. *See* (Doc. ## 25–26). The following day, August 21, 2020, Gallagher filed a Notice of Removal to this Court on the basis of diversity jurisdiction. (Doc. # 1.) The remaining Defendants consented to the removal. (*Id.* at 4.)

Plaintiffs filed the instant Motion to Remand on January 8, 2021. Defendants jointly filed a Response (Doc. # 47), and Plaintiffs filed a Reply (Doc. # 48).

## II. <u>LEGAL STANDARDS</u>

"The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.,* 762 F.3d 1130, 1134 (10th Cir. 2014). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which [a federal] statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971). Accordingly, removal statutes are construed strictly and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins.*

Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

### III.  DISCUSSION

In their Motion to Remand, Plaintiffs do not dispute that this Court has diversity jurisdiction over the instant case. Instead, Plaintiffs argue that Defendants waived removal by filing motions to dismiss for failure to state a claim in state court before filing their Notice of Removal, pursuant to *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089 (10th Cir. 2017), and *Comcast of Colorado I, LLC v. O'Connor*, No. 18-CV-03158-GPG, 2019 WL 8112497 (D. Colo. Jan. 8, 2019), *aff'd,* 789 F. App'x 82 (10th Cir. 2019). Defendants respond that a Colorado state procedural rule compelled them to file motions to dismiss prior to removal. The Court agrees with Defendants and concludes that waiver does not apply in this case.

Generally, a defendant waives removal "by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1098 (10th Cir. 2017) (quoting *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026–27 (8th Cir. 2015)). "This waiver must be clear and unequivocal, meaning that 'short of [the defendant] seeking an adjudication on the merits,' the 'right to removal is not lost . . . .'" *Id.* (citing *Windmill*, 792 F.3d at 1026). Waiver will not occur "when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court . . . ." Charles A. Wright, et al., <u>14b Federal Practice & Procedure</u> § 3721 (2003). The Tenth Circuit has recognized that

3

"perhaps the most difficult aspect of the waiver doctrine is that it depends on state procedural rules." *City of Albuquerque*, 864 F.3d at 1097–98 (citing *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004)).

In *City of Albuquerque*, the Tenth Circuit found waiver of removal where the defendant filed a motion to dismiss in state court before it was served process. In so concluding, the court established a "bright-line rule" that "when a defendant files a motion to dismiss . . . on the merits in state court before removing the case to federal court, it manifests a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction, and thus waives removal." 864 F.3d at 1099. Yet, the court created an exception to apply in "limited circumstances" where the bright-line rule would lead to unfair results; the court explained that it "will not find waiver of the right to remove when a state's procedural rules compel a defendant's state-court participation." *Id.*

To illustrate this exception, the court discussed the Eleventh Circuit's opinion in *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244 (11th Cir. 2004):

> In *Yusefzadeh*, the Eleventh Circuit faced such a state procedural rule. The Florida rule required defendants to file motions to dismiss within 20 days of service. When combined with the federal 30-day removal period, this 20-day time limit created a "quandary" for state defendants. A defendant in Florida might have filed for timely removal only to find itself back in state court where the time to file a motion to dismiss had run.

*City of Albuquerque,* 864 F.3d at 1099. The Eleventh Circuit in *Yusefzadeh* described this "quandary" as forcing a state court defendant to choose between

> (1) removing the action and filing the motion to dismiss in federal court within 20 days, (2) filing a motion to dismiss in state court and then

4

immediately seeking removal or (3) requesting an extension to file responsive pleadings in state court prior to removing.

365 F.3d at 1246 (citation omitted).

In this case, Defendants are in substantially the same position as the defendants in *Yusefzadeh*. The *Yusefzadeh* court found no waiver where the defendant filed motions to dismiss in state court three days prior to filing a notice of removal because the relevant state rule required the defendants to file motions to dismiss before the federal removal period expired. In this case, Colo. R. Civ. P. 12 required Defendants to file motions to dismiss within 21 days of service or, put differently, nine days before the federal 30-day removal period expired.[1] Defendants filed their motions to dismiss on the last day allowed under the rule—i.e., August 20, 2020, and removed the case the following day. Under these circumstances, the Court finds that Rule 12 compelled Defendants' filing of the motions to dismiss and that said motions did not constitute substantial participation in the state action. Therefore, waiver does not apply. *See* Wright, et al., 14b Federal Practice & Procedure § 3721 (Waiver will not occur "when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court . . . ."); *see also Yusefzadeh*, 365 F.3d at 1246 (a defendant's choice to file a motion to dismiss in state court and then immediately seek removal

---

[1] To the extent Plaintiff argues that the Colorado rule did not compel Defendants to file a motion to dismiss within the meaning of *City of Albuquerque*, the Court disagrees. The Tenth Circuit characterized the Florida rule's 20-day filing requirement in *Yusefzadeh* as compelling the filing of a motion to dismiss. *See City of Albuquerque*, 864 F.3d at 1099 ("But unlike the 20-day filing requirement in *Yusefzadeh*, New Mexico's procedural rules didn't compel Soto to file a state motion to dismiss before its 30-day removal period had expired."). The Colorado rule is virtually identical to the Florida rule, requiring that a defendant **shall** file his answer or responsive pleading, including a motion to dismiss, within 21 days of service. *Compare* Colo. R. Civ. P. 12(a)-(b) *with* Fl. R. Civ. P. 1.140.

"should not be used to forestall [it] . . . from swiftly seeking to remove [its] case to the federal court.").

Moreover, the factors the Tenth Circuit relied on to distinguish the defendant in *City of Albuquerque* from the defendants in *Yusefzadeh* are absent in this case. The defendant in *City of Albuquerque* had not been served at the time of filing the motion to dismiss; thus, the clock had not started to run on either removal or a motion to dismiss, so the defendant's filing was not compelled by state procedural rule. 864 F.3d at 1099. By contrast, in this case, the clock started to run on both removal and filing motions to dismiss on July 30, 2020. Accordingly, the state-procedural-rule exception adopted by the Tenth Circuit in *City of Albuquerque* applies in this case. Defendants' filing of motions to dismiss in state court did not constitute waiver of their right to removal.

Finally, Plaintiff's reliance on *Comcast of Colorado I, LLC v. O'Connor*, No. 18-CV-03158-GPG, 2019 WL 8112497 (D. Colo. Jan. 8, 2019), is misplaced. In that case, Judge Babcock found waiver where the defendants substantially participated in the state court action by filing a motion to dismiss, filing a motion for temporary restraining order and preliminary injunction, and receiving an unfavorable decision on that motion for temporary restraining order prior to removal. *Id.* at *3 (finding timing of removal significant to the court's waiver analysis because "[d]efendants removed this case only *after* [they] received an unfavorable decision in the state court regarding Plaintiff's Temporary Restraining Order and just hours before a scheduled hearing in state court regarding Plaintiff's Preliminary Injunction."). In this case, Defendants filed motions to dismiss compelled by Rule 12, and the state court took no action on Defendants'

6

motions because of the subsequent filing of the Notice of Removal. *See* (Doc. # 47-1 at 1) (state court order stating "[a] Notice of Removal . . . has been filed. Unless the case is returned to this court, this court shall take no further action on this motion."). Therefore, *Comcast of Colorado I, LLC* is inapposite.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Doc. # 39) is DENIED.

DATED: May 7, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge