IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02519-CMA-STV

SHERRI SIMPSON and
CHRIS SIMPSON,

    Plaintiffs,

v.

P.F. CHANG'S CHINA BISTRO, INC.,
SAFETY NATIONAL CASUALTY CORPORATION, and
GALLAGHER BASSETT SERVICES, INC.,

    Defendants.

---

**ORDER GRANTING PLAINTIFFS' SECOND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

---

This matter is before the Court on Plaintiffs Sherri Simpson and Chris Simpson's Second Motion for Leave to File an Amended Complaint, which Plaintiffs have advised is opposed. (Doc. # 90.) Plaintiffs seek to amend their complaint to address deficiencies identified in the November 4, 2021 Recommendation of United States Magistrate Judge (Doc. # 85). Therein, Judge Varholak recommends granting two Motions to Dismiss filed by Defendants (Doc. # 75; Doc. # 76) on the basis that Plaintiffs failed to adequately distinguish between each of the Defendants in their Amended Complaint and therefore gave inadequate notice of the grounds for the claims made against each Defendant. *See* (Doc. # 85 at 7–10.) However, Judge Varholak recommends dismissing Plaintiffs' claims

**without** prejudice because they have not yet received an opportunity to cure these deficiencies identified by the Court. (*Id.* at 11.) Accordingly, the Court grants Plaintiff's Motion for leave to amend.

## I. ANALYSIS

Under Federal Rule of Civil Procedure 15(a), after a responsive pleading has been served, a party "may amend its pleading only with the opposing party's written consent or the court's leave." The Court "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a). The purpose of Rule 15(a) is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 754 (10th Cir. 2018) (citation and internal quotation marks omitted). Whether to grant leave to amend the pleadings pursuant to Rule 15(a) is within the Court's wide discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Rehberg v. City of Pueblo*, No. 10-cv-00261-LTB-KLM, 2011 WL 4102287, at *3 (D. Colo. Sept. 14, 2011).

When determining whether to allow amendment of a complaint, courts typically consider several factors: whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, whether the request was offered in good faith, and whether the party has had sufficient opportunity to state a claim and has failed. *See State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984). Potential prejudice to a defendant is the most important factor in determining whether a plaintiff should be permitted to amend the complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). However, courts typically find prejudice only when the

proposed amendments unfairly affect the defendants in terms of preparing their defense to the amendments. *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). "Most often, [undue prejudice] occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

In this case, as noted by Judge Varholak, Plaintiffs have already amended their complaint once. (Doc. # 85 at 10.) However, Judge Varholak recommends dismissing Plaintiffs' claims without prejudice because Plaintiffs have "never before received an opportunity to cure deficiencies identified by this Court." (*Id.*) (quoting *S.D. v. Lajeunesse*, No. 15-cv-02404-WJM-CBS, 2017 WL 262692, at *4 n.4 (D. Colo. Jan. 20, 2017)). If the Court were to rule on Defendants' pending motions to dismiss, the Court would provide Plaintiffs an opportunity to amend to address the shortcomings identified in their complaint. *See Triplett v. LeFlore Cnty., Okla.*, 712 F.2d 444, 446 (10th Cir. 1983) ("In dismissing a complaint for failure to state a claim, the court should grant leave to amend freely if it appears at all possible that the plaintiff can correct the defect." (internal quotation marks and citation omitted)). Therefore, denial of the instant Motion would lead to a circuitous waste of judicial resources.

Further, amendment would not cause Defendants undue prejudice. Plaintiffs' proposed Second Amended Complaint (Doc. # 90-2) does not "arise out of a subject matter different from what was set forth in the complaint" or "raise significant new factual issues." *Minter*, 451 F.3d 1196 at 1208. Nor can the Court conclude that Plaintiffs' Motion was unduly and inexplicably delayed or offered in bad faith: Plaintiffs filed their Motion within the

deadline to object to Judge Varholak's Recommendation and seek to correct the pleading deficiencies outlined therein.

Accordingly, the Court concludes that it is appropriate to grant Plaintiffs' Motion and permit them leave to amend their complaint.

## II.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiffs' Second Motion for Leave to File an Amended Complaint (Doc. # 90) is GRANTED;

- Plaintiff shall file a clean version of the Second Amended Complaint by January 21, 2022;

- accordingly, Defendants Gallagher Bassett Services, Inc. and P.F. Chang's China Bistro, Inc.'s Motion to Dismiss (Doc. # 75) and Defendant Safety National Casualty Corporation's Motion to Dismiss (Doc. # 76) are DENIED AS MOOT;[1] and

- the November 4, 2021 Recommendation of United States Magistrate Judge (Doc. # 85) is MOOT.

DATED: January 14, 2022

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] *See, e.g.*, *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot.").